Filed 11/4/14  P. v. Carter CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B254822 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA413932) |
| v. | |
| HEATHER CARTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*

Heather Carter appeals from a judgment of conviction for offering to sell a controlled substance (Health & Saf. Code, § 11379, subd. (a))[1] and possession for sale of a controlled substance (§ 11378). Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2012, Detective David Chapman of the Los Angeles Police Department posted an advertisement on the craigslist Web site looking for "Tina," which is a word commonly used in drug transactions to mean methamphetamine. The title of the advertisement was "Have you seen Tina?" It stated he had been looking for his friend Tina all day and asked if anyone had seen her. He included an e-mail address to which responses could be sent. On May 20, 2012, the detective received an e-mail response to the advertisement saying, "Yes, cash only." After some text message exchanges regarding how much Chapman wanted and the price, the detective and appellant arranged to meet at a CVS Pharmacy parking lot in Hollywood so that he could buy $200 worth of methamphetamine.

That evening the detective and other members of the narcotics detail waited for appellant in the parking lot. As appellant was driving through the parking lot, the detective called the same number he had been texting. When appellant answered the phone, the detective asked where she was and she stated she was around the corner. He then saw appellant drive out of the lot. A patrol car pulled over appellant and officers took her into custody. A cell phone was removed from the front seat of her car and the detective viewed several text messages on that phone that he had sent.

Appellant's purse, which was located in the car, contained three bindles of methamphetamine and $66 in cash. Detective Chapman opined the bindles had a

---

[1] Further undesignated statutory references are to the Health and Safety Code.

combined street value of between $175 - $250.  He also opined the methamphetamine found in appellant's possession was for sale.

In November 2013, appellant was charged with one count of offering to sell a controlled substance (methamphetamine) and one count of possession for sale of a controlled substance (methamphetamine).  On February 27, 2014, a jury found appellant guilty on both counts.  The court suspended imposition of sentence and placed appellant on formal probation for a period of three years with several terms and conditions, including that she serve 270 days in county jail.  Appellant filed a timely notice of appeal.

## DISCUSSION

After counsel filed her *Wende* brief asking this court to independently review the entire record for arguable issues, appellant was advised she could file a supplemental brief with the court within 30 days.  Appellant has not filed a supplemental brief.  Having reviewed the entire record, we are satisfied that counsel has fully complied with her responsibilities and find no arguable issue exists.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


                                             FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.



GRIMES, J.


3